**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| URIAH EL BEY | CIVIL ACTION NO. 21-4245 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH JUVENILE COURT, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to Federal Rules 12(b)(4) and (5) filed by Defendant, the Gingerbread House Children's Advocacy Center ("Gingerbread House"). See Record Document 7. The Gingerbread House seeks dismissal on the grounds of insufficient process/failure of process and/or insufficient service of process/failure of service of process. See id. Plaintiff Uriah El Bey filed an opposition; yet, the opposition appears to address the merits of her claims and does not touch on insufficient process and/or insufficient service of process. See Record Document 10.[1] For the reasons set forth below, the Gingerbread House's Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

Plaintiff Uriah El Bey a/k/a Martha Ruth Smith ("Plaintiff") filed this suit on December 10, 2021. See Record Document 1. She amended her complaint on December 16, 2021. See Record Document 3. Although difficult to discern, it appears Plaintiff's claims arise out of a child custody matter. She names multiple defendants, including the Gingerbread House.

On January 5, 2022, an unnamed individual came to the Gingerbread house and left

---

[1]The Court hereby **ORDERS** that Record Document 10 be sealed, as it contains sensitive information that should not be part of the public record.

a copy of a Summons at the front desk.  See Record Document 7 at ¶ 1.  No complaint was attached to the Summons.  See id. at ¶ 2.  The Summons was not served on the Registered Agent for the Gingerbread House, Jessica Milan Miller.  See id.

According to the record, summons were returned executed.  See Record Document 6. Plaintiff filed a Proof of Service as to the Gingerbread House on January 5, 2022, which stated that affiant James Ray Harvey received the summons for the Gingerbread House on December 23, 2021 and served the summons on the Gingerbread house on January 5, 2022.  *See* Record Document 6-2.

## II.   LAW AND ANALYSIS

Again, the Gingerbread House seeks dismissal pursuant to Rule 12(b)(4) and (5) for insufficient process and insufficient service of process.

### A.   Insufficient Process and Insufficient Service of Process.

Rule 12(b)(4) allows a defendant to move for dismissal based on insufficient process.  Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff or to the lack of service.  Here, the Gingerbread House seeks dismissal because no copy of the complaint was attached to the summons, as required by Rule 4(c)(1).  Additionally, pursuant to Rule 4(e)(1) and (2) and 4(h), the summons and a copy of the complaint were not delivered to a persona authorized to receive service of process for the Gingerbread House, here Jessica Milan Miller.

The plaintiff bears the burden of proof regarding sufficiency of the process.  See Lechner v. Citimortgage, Inc., 4:09–CV–302–Y, 2009 WL 2356142, at *1 (N.D.Tex. July 29, 2009); see also Fed.R.Civ.P. 4(c).  If process is insufficient, then "federal courts have broad discretion to dismiss an action." Chapman v. Trans Union LLC, No. CIV.A. H–11–553, 2011

WL 2078641, at *1 (S.D.Tex. May 26, 2011) (citation omitted).  The plaintiff likewise has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint.  See Fed.R.Civ.P. 4(c)(1); Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir.1992).

The Court finds that Plaintiff's service on the Gingerbread House violated Rule 4(c)(1) and Rule 4(e) and (h) because a copy of the complaint was not attached to the summons and neither the summons nor the complaint were delivered/served on Jessica Milan Miller.  Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Ayika v. Sutton, 378 Fed.Appx. 432, 434 (5th Cir. 2010) (per curiam).  [W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party."  Kreimerman v. Casa Veerkamp, 22 F.3d 634, 645 (5th Cir.1994) (citation omitted); Craddock v. Halverson, No. 7:04-CV-020-R, 2004 WL 2381715, at *1 (N.D.Tex. Oct. 22, 2004); see also Fed.R.Civ.P. 4(m).  Here, the 120-day deadline for serving process has long expired.  In her February 15, 2022 opposition, Plaintiff did not reference or demonstrate "good cause" for her failure to properly serve process on the Gingerbread House.  Further, to date, Plaintiff has submitted no proof that the Gingerbread House was properly served.  Plaintiff has not attempted to demonstrate good cause for her failure to effect proper service on the Gingerbread House.  Nor has she requested additional time to properly serve the Gingerbread House.  Dismissal without prejudice is therefore proper. See Craddock, 2004 WL 2381715, at *4.

**III.   CONCLUSION**

Based on the foregoing analysis, the Gingerbread House's Motion to Dismiss Pursuant to Federal Rules 12(b)(4) and (5) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT