UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| URIAH EL BEY | CIVIL ACTION NO. 21-4245 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH JUVENILE COURT, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by Defendant, the Caddo Parish Juvenile Court ("Caddo Juvenile Court"). See Record Document 11. The Caddo Juvenile Court seeks dismissal on multiple grounds, but the Court will focus on its first basis – the Caddo Juvenile Court is not a juridical entity capable of being sued. See id. Plaintiff Uriah El Bey filed an opposition and submits that the Caddo Juvenile Court is a private corporation. See Record Document 13. The opposition also references Juvenile Court Judge Paul Young; however, Judge Young is not a named defendant in this action. See id. at 1-2. The Caddo Juvenile Court did not file a reply. For the reasons set forth below, the Caddo Juvenile Court's Motion to Dismiss is **GRANTED**. Plaintiff Uriah El Bey's claims against the Caddo Parish Juvenile Court are **DISMISSED WITH PREJUDICE**.

**I.      BACKGROUND**

Plaintiff Uriah El Bey a/k/a Martha Ruth Smith ("Plaintiff") filed this suit on December 10, 2021. See Record Document 1. She amended her complaint on December 16, 2021. See Record Document 3. Although difficult to discern, it appears Plaintiff's claims arise out of a child custody matter. She names multiple defendants, including the Caddo Juvenile Court. There is very little factual information in her pleadings that is specific to the Caddo Juvenile Court. In her opposition to the instant motion, she submits that the Caddo

Juvenile Court is a private corporations, but focuses the majority of her argument on the action(s) of Judge Young.  See Record Document 13.  Again, Judge Young is not a named defendant.

## II.     LAW AND ANALYSIS

### A.     Rule 12(b)(6) Standard.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678.  However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to

survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.' " Twombly, 550 U.S. at 558 (citations omitted).

    **B.**    **Capacity to be Sued.**

Plaintiff named the Caddo Parish Juvenile Court as a defendant. While in her opposition she makes the conclusory statement that the Caddo Juvenile Court is a private corporation, it is clear to the Court that such entity lacks capacity to be sued under Louisiana law. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined ... by the law of the state where the court is located...." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Both Louisiana federal and state courts have held that state courts, including juvenile courts, lack the capacity to be sued. See Ross v. Louisiana, No. 21-2305, 2021 WL 3754580, at *2 (W.D. La. Aug. 13, 2021), report and recommendation adopted, 2021 WL 3745010 (W.D. La. Aug. 24, 2021); Griffith v. Louisiana, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); Swift v. Juvenile Court, 2009-1182 (La. App. 3 Cir. 3/10/10), 2010 WL 786031 (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."); Damond v. Marullo, No. 2019 CA 0676, 2020 WL 862180, at *3 (La. App. 1 Cir 2/20/20), writ denied, 302 So. 3d 1122 (La. 2020); Durden v. Bryson, 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017), report and recommendation adopted, 2017 WL 4847783 (W.D. La. Oct. 25, 2017); Chisom v. Edwards, 2012 WL 13005340, at

*7-9 (E.D. La. Aug. 6, 2012).  Thus, Plaintiff has failed to bring a claim against an entity capable of being sued, and her claims against the Caddo Juvenile Court are **DISMISSED**.

### III.    CONCLUSION

Based on the foregoing analysis, the Caddo Juvenile Court's Motion to Dismiss is **GRANTED**.  Plaintiff's claims against the Caddo Parish Juvenile Court are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of January, 2023.

_____
United States District Judge