# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| URIAH EL BEY | CIVIL ACTION NO. 21-4245 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH JUVENILE COURT, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed by Defendant, the State of Louisiana through the Department of Child and Family Services ("DCFS"). See Record Document 14. DCFS seeks dismissal on multiple grounds, but the Court will focus on its first basis – Eleventh Amendment sovereign immunity. See id. Plaintiff Uriah El Bey filed an opposition and DCFS replied. See Record Documents 16 & 19. For the reasons set forth below, DCFS's Motion to Dismiss is **GRANTED**. Plaintiff Uriah El Bey's claims against DCFS are **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

Plaintiff Uriah El Bey a/k/a Martha Ruth Smith ("Plaintiff") filed this suit on December 10, 2021. See Record Document 1. She amended her complaint on December 16, 2021. See Record Document 3. She names multiple defendants, including DCFS. There is very little factual information in her pleadings that is specific to DCFS. Although difficult to discern, it appears Plaintiff's claims arise out of a child custody matter, seemingly alleging that DCFS "stole" her "property" in the form of her children. See id.; see also Record Document 16.

## II.  LAW AND ANALYSIS

### A.  Rule 12(b)(1) Standard.[1]

A district court has the power to dismiss for lack of subject matter jurisdiction on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  See St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307,315 (5th Cir. 2009).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

### B.  Eleventh Amendment Sovereign Immunity.

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Service Center, 307 F.3d 318, 326 (5th Cir. 2002).  Moreover, "a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or arm of a State" where the State is the real party in interest. Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir.1997).  The State's Eleventh Amendment sovereign immunity encompasses "any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294

---

[1] Alternatively, DCFS argues that if any claim against it is not barred by Eleventh Amendment sovereign immunity, then such claim should be dismissed pursuant to Rule 12(b)(6).  See Record Document 14-2 at 2.  Because this Court will decide the instant motion on the basis of Rule 12(b)(1), there is no need to discuss the Rule 12(b)(6) standard.

F.3d 684, 688–89 (5th Cir. 2002).  In determining whether a suit against a governmental agency is regarded as a suit against the state, the Fifth Circuit has applied six factors:

1.  Whether the state statutes and case law view the agency as an arm of the state;

2.  The source of the entity's funding;

3.  The entity's degree of local autonomy;

4.  Whether the entity is concerned primarily with local as opposed to statewide problems;

5.  Whether the entity has the authority to sue and be sued in its own name; and

6.  Whether the entity has the right to hold and use property.

Hudson v. City of New Orleans, 174 F.3d 677,681 (5th Cir.1999).

A district court in the Middle District of Louisiana has examined the aforementioned factors and concluded that DCFS is an agency of the state and is entitled to Eleventh Amendment sovereign immunity.  See  Harmony Ctr., LLC v. Jindal, CIV. A. 10-621-BAJ-CN, 2010 WL 4955167 (M.D. La. Nov. 30, 2010).  Additionally, La. R.S. 46:51 outlines the duties of the DCFS and provides that, the department, "through its secretary shall administer the public assistance and welfare laws of the state . . ." La. R.S. 46:51. The funding for DCFS comes from a State public assistance fund. See La. R.S. 46:101. The State of Louisiana has not waived its immunity nor has it consented to suit in federal court. Additionally, in this instance, the State of Louisiana's sovereign immunity has not been abrogated by Congress.  The Court further notes that Plaintiff, the party asserting jurisdiction and bearing the burden of proof, has failed to offer any exception to Eleventh Amendment sovereign immunity.  Thus, DCFS – as an agency of the State – is entitled to

Eleventh Amendment sovereign immunity. All claims against DCFS are barred and the agency is hereby dismissed from the instant suit.

### III. CONCLUSION

Based on the foregoing analysis, DCFS's Motion to Dismiss on the grounds of Eleventh Amendment sovereign immunity is **GRANTED**. Plaintiff's claims against DCFS are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of January, 2023.

_____
United States District Judge